DA 06-0658

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 122

KATHRYN MELOY, SWEET FLOURS
BAKE SHOPPE, INC., CAROL SKUFCA,
BARB HULETT, MAE WATSON
and MARGARET B. SCHRANER,

      Plaintiffs and Appellants,

    v.

SPEEDY AUTO GLASS, INC.,
DAVE STEINEBACH, RAYMOND and
BEVERLY MURPHY, and DOES 1 through 5,

      Defendants and Appellees.

RAYMOND and BEVERLY MURPHY,

      Defendants, Cross-Plaintiffs and Appellees,

    v.

SPEEDY AUTO GLASS, INC. and DAVE STEINEBACH,

      Defendants and Cross-Defendants.

APPEAL FROM:    District Court of the First Judicial District,
                  In and for the County of Lewis and Clark, Cause No. CDV-2004-764
                  Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Peter Michael Meloy, Robin A. Meguire; Meloy Trieweiler,
            Helena, Montana

For Appellees:

Richard J. Briski; Law Offices of Richard J. Briski, Helena, Montana

Submitted on Briefs:  June 6, 2007

Decided:  April 15, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Kathryn Meloy, Sweet Flours Bake Shoppe, Inc. (the bakery), Carol Skufca, Barb Hulett, Mae Watson and Margaret B. Schraner (collectively, Sweet Flours) appeal from the order entered by the First Judicial District Court, Lewis and Clark County, granting summary judgment to defendants Raymond and Beverly Murphy, and from its later order ruling that Sweet Flours' motion to alter or amend the judgment had been denied by operation of law. We affirm.

¶2    The restated issues on appeal are:

¶3    1.  Did the District Court err in granting the Murphys summary judgment?

¶4    2.  Did the District Court err in ruling that Sweet Flours' motion to alter or amend the judgment had been denied by operation of law?

## BACKGROUND

¶5    In 2002, the bakery and Speedy Auto Glass, Inc. (Speedy) were commercial lessees of a building owned by the Murphys; the businesses were separated by a common wall that extended as high as the framework for a drop ceiling.  Meloy owned and worked in the bakery, and Skufca, Hulett, Watson and Schraner were bakery employees.

¶6    In October of 2002, Speedy's manager Dave Steinebach placed a videocamera up through a space in the Speedy restroom ceiling where tiles were missing, and aimed it toward a relatively small hole in the ceiling of the adjacent bakery employees' restroom.  Law enforcement officers investigated, and arrested Steinebach.  He later pled guilty to the

3

misdemeanor offense of surreptitious visual observation or recording.

¶7      In October of 2004, Sweet Flours filed a six-count complaint against the Murphys, Speedy and Steinebach. The only claim against the Murphys was that they caused damages to Sweet Flours by negligently failing to exercise reasonable care for the condition of the premises leased to the bakery. The Murphys answered, and also filed cross-claims not at issue here.

¶8      Subsequently, the Murphys and Speedy moved for summary judgment on Sweet Flours' claims. The District Court granted the Murphys' motion and denied Speedy's on all but one claim. Sweet Flours later settled with Speedy, and moved the District Court to certify its order granting summary judgment to the Murphys as final for purposes of appeal. Pursuant to M. R. Civ. P. 54(b), and at Sweet Flours' request, the court certified the order on June 7, 2006.

¶9      On June 12, 2006, Sweet Flours moved to alter or amend the order granting summary judgment to the Murphys. On August 31, the District Court entered its order determining that Sweet Flours' motion had been denied by operation of law pursuant to M. R. Civ. P. 59(g). Sweet Flours appeals.

## STANDARDS OF REVIEW

¶10      We review an order granting summary judgment *de novo*, using the same M. R. Civ. P. 56(c) criteria applied by the district court. Because summary judgment is an extreme remedy that should never be substituted for a trial if a material factual controversy exists, summary judgment should be granted only when no genuine issue of material fact exists and

the moving party is entitled to judgment as a matter of law. *See Hajenga v. Schwein*, 2007 MT 80, ¶ 11, 336 Mont. 507, ¶ 11, 155 P.3d 1241, ¶ 11 (citations omitted). To determine the existence or nonexistence of a genuine issue of material fact, we look to the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. *Hajenga*, ¶ 12 (citations omitted). Although negligence actions involve questions of fact and ordinarily are not susceptible to summary judgment, questions of fact can be determined as a matter of law when reasonable minds cannot differ. *Henricksen v. State*, 2004 MT 20, ¶ 19, 319 Mont. 307, ¶ 19, 84 P.3d 38, ¶ 19 (citation omitted).

¶11 We generally review a district court's denial of an M. R. Civ. P. 59(g) motion to amend a judgment for abuse of discretion. *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 27, 304 Mont. 356, ¶ 27, 22 P.3d 631, ¶ 27 (citation omitted). When no factual issue exists regarding a district court's acts in relation to the 60-day time limit in Rule 59(g), however, the issue of whether the court retained authority to decide the motion is a matter of law which we review for correctness. *See Associated Press v. Crofts*, 2004 MT 120, ¶¶ 12, 36-37, 321 Mont. 193, ¶¶ 12, 36-37, 89 P.3d 971, ¶¶ 12, 36-37 (citations omitted).

**DISCUSSION**

¶12 **1. Did the District Court err in granting the Murphys summary judgment?**

¶13 Sweet Flours asserts that genuine issues of material fact exist with respect to the Murphys' alleged failure to maintain the Speedy premises—particularly, the ceiling tiles in the Speedy restroom—and the Murphys' alleged failure to report Steinebach's prior illegal conduct to Speedy or to law enforcement. As mentioned above, however, the sole claim

5

against the Murphys in the complaint was that they failed to exercise reasonable care in maintaining the bakery premises. In the District Court and on appeal, Sweet Flours has posited that, notwithstanding this clearly stated claim, the "basis" or "gravamen" of the claim was something different. While the District Court addressed some of Sweet Flours' contentions regarding matters that were not pled, we focus exclusively on the claim alleged in the complaint for reasons discussed below.

¶14 A pleading which sets forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. *See* M. R. Civ. P. 8(a). We recently restated, in a somewhat different context, the fundamental precept that pleadings are intended to advance "principles of fairness and notice[.]" *Meadow Lake Estates Assoc. v. Shoemaker*, 2008 MT 41, ¶ 28, 341 Mont. 345, ¶ 28, 178 P.3d 81, ¶ 28 (citation omitted).

¶15 A negligence action has four elements: (1) duty, (2) breach of duty, (3) causation and (4) damages. *Henricksen*, ¶ 20 (citation omitted). The Murphys' summary judgment motion was based in part on their argument regarding the extent of a landlord's liability under Montana law. They asserted that no genuine issue of material fact existed with respect to their lack of knowledge of the camera placement and the hole in the bakery restroom ceiling. In that regard, the Murphys pointed to deposition testimony and affidavits to the effect that they did not know of the hole in the bakery restroom or the camera installation, at least one plaintiff did not notice the hole in the bakery restroom until after the camera was discovered,

6

and the plaintiffs were unaware of whether the Murphys knew of that hole. In short, the Murphys asserted their duty of reasonable care as landlords did not encompass liability for all injuries to tenants on the bakery premises and, in light of their unawareness of the hole in the bakery restroom ceiling, no genuine issue of material fact existed about whether they breached a duty of reasonable care to maintain the bakery premises. We conclude the Murphys met their initial burden of establishing the absence of a genuine issue of material fact regarding a breach of duty.

¶16 In response, Sweet Flours asserted the "basis" of their claim against the Murphys was a failure to maintain the Speedy premises, not the bakery premises. Along similar lines, Sweet Flours posited that the Murphys had a duty to maintain the Speedy premises stemming from their lease agreement with Speedy and Raymond Murphy's admission that he had previously made repairs to the building. Sweet Flours cited to no legal authority or document of record permitting them to set forth matters regarding the Speedy premises as a new "basis" for their claim, however—and, indeed, doing so squarely contradicted the "principles of fairness and notice that require a plaintiff to set forth the basis of a claim in a complaint." *See Meadow Lake Estates*, ¶ 28.

¶17 Before making the above-mentioned assertions regarding the Speedy restroom, Sweet Flours stated "[p]laintiffs do not dispute Murphys' statement of the . . . background of the case, except to the extent that Murphys' [sic] claim they had no knowledge of the hole in the ceiling of the Sweet Flours Bake Shoppe's bathroom." This statement constituted the entirety of Sweet Flours' argument in the District Court regarding the Murphys' alleged

7

failure to exercise reasonable care in maintaining the bakery premises.

¶18    Once a party moving for summary judgment has met the initial burden of establishing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to establish with substantial evidence, as opposed to mere denial, speculation, or conclusory assertions, that a genuine issue of material fact does exist or that the moving party is not entitled to judgment as a matter of law. *See Phelps v. Frampton*, 2007 MT 263, ¶ 16, 339 Mont. 330, ¶ 16, 170 P.3d 474, ¶ 16 (citations omitted); *Hajenga*, ¶ 13 (citation omitted).  Here, Sweet Flours presented nothing more than a conclusory assertion.  Therefore, we conclude Sweet Flours did not raise a genuine issue of material fact.

¶19    Finally, on appeal, Sweet Flours contends the Murphys had knowledge of Steinebach's alleged prior illegal conduct on the Speedy premises—namely, growing marijuana and borrowing money from Speedy without authorization—and failed to report Steinebach's conduct to law enforcement or to Speedy.  Sweet Flours' complaint did not set forth a claim pertaining to the Murphys' failure to report their alleged knowledge of prior illegal conduct by Steinebach.  Moreover, the only arguments Sweet Flours advanced on summary judgment regarding the Murphys' alleged knowledge of Steinebach's prior illegal conduct pertained to whether a superseding intervening cause broke the chain of causation.  Having determined Sweet Flours raised no genuine issue of material fact regarding the Murphys' exercise of reasonable care to maintain the bakery premises, we need not reach any causation question here.

8

¶20     We hold the District Court did not err in granting summary judgment to the Murphys.

¶21     **2. Did the District Court err in ruling that Sweet Flours' motion to alter or amend the judgment had been denied by operation of law?**

¶22     The District Court granted M. R. Civ. P. 54(b) certification on June 7, 2006. On June 12, Sweet Flours moved to alter or amend the judgment based on a newly-discovered witness, Daniel Smith. Sweet Flours submitted Smith's affidavit, dated May 18, 2006, which stated the owner of the building was with Smith in 2002 when Smith inadvertently discovered plants he believed to be marijuana. On June 30, the parties filed a stipulation to extend the Murphys' time to respond "up to and including July 31, 2006 and/or the taking of the deposition of the affiant, Daniel Smith[.]" Smith's deposition was taken on July 18.

¶23     On July 31, the Murphys filed their response to the motion. On August 8, Sweet Flours filed a reply brief, along with a motion for filing of Smith's deposition, stating the deposition "ha[d] been relied upon by both the parties in their briefs regarding Plaintiffs' Motion to Alter or Amend the Judgment[.]" The District Court apparently signed the order authorizing the filing of Smith's deposition on August 8, 2006, but the order was not entered until August 14. The Murphys filed Smith's deposition on August 21.

¶24     On August 31, the District Court entered its order stating Sweet Flours' motion had been deemed denied by operation of law. It observed that M. R. Civ. P. 59(g) provides a motion to alter or amend a judgment is deemed denied if not ruled on within 60 days. The District Court reasoned that the 60-day period expired on August 11, 2006, and it no longer had authority to rule on the motion.

9

¶25   On appeal, Sweet Flours presents virtually no argument addressing M. R. Civ. P. 59(g), and does not challenge the District Court's reasoning that the motion was deemed denied by operation of law due to the expiration of the 60-day period.  Sweet Flours' assertions regarding the post-judgment proceedings apparently are based on the proposition that Smith's testimony raised a genuine issue of material fact regarding the assertions mentioned above that the Murphys had knowledge of Steinebach's prior illegal conduct— assertions which were not pled in the complaint.  Moreover, Smith's May 18, 2006 affidavit predates Sweet Flours' reply brief supporting its motion for M. R. Civ. P. 54(b) certification by one week, and predates the District Court's certification order by approximately three weeks—indicating Sweet Flours was aware of the "newly discovered" evidence as it was seeking M. R. Civ. P. 54(b) certification of the order granting summary judgment to the Murphys as final.  In any event, absent authority regarding M. R. Civ. P. 59(g)-related matters, Sweet Flours cannot meet its burden of establishing error, and it is not this Court's obligation to develop arguments on a party's behalf.  *See Seltzer v. Morton*, 2007 MT 62, ¶ 55, 336 Mont. 225, ¶ 55, 154 P.3d 561, ¶ 55 (citation omitted).  We decline to address this issue further.

¶26   We hold the District Court did not err in determining Sweet Flours' motion to alter or amend the judgment had been denied by operation of law.

¶27   Affirmed.

/S/ KARLA M. GRAY

10

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS