

DA 12-0469

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 155N

LEONARD SALVI,

      Plaintiff and Appellant,

  v.

JAMES E. CONGDON,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-11-30
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Torrance L. Coburn, Tipp & Buley, P.C.; Missoula, Montana

      For Appellee:

          Scott M. Stearns, Christopher L. Decker, Boone Karlberg P.C.; Missoula,
Montana

                    Submitted on Briefs:  May 1, 2013

                             Decided:  June 11, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Leonard Salvi (Salvi) appeals the order of the Fourth Judicial District Court, Missoula County, that granted summary judgment in favor of James Congdon (Congdon). We affirm.

¶3     Salvi moved into Congdon's apartment complex in November 2008 as a guest of his half-brother, Richard Holmstrom (Holmstrom). Congdon employed Holmstrom to maintain the apartment complex. Salvi used the back staircase exit from Holstrom's apartment on December 20, 2008. Salvi slipped and fell on ice on the final step. Salvi sustained an injury as a result of the fall.

¶4     Salvi filed an action against Congdon for negligence and premises liability. Salvi alleged that Congdon did not maintain the apartment stairs in a reasonably safe condition. Salvi further alleged that the unsafe condition of the stairs resulted in Salvi's injury. The District Court determined that no genuine issues of material fact existed. The court concluded that Congdon had acted with reasonable care to maintain the apartment building. The court further determined that Salvi had knowledge of the icy condition of the back steps and that his own actions were the cause of his injuries.

¶5     Salvi argues on appeal that genuine issues of material fact existed as to whether Congdon used ordinary care in maintaining his premises in a reasonably safe condition. We

2

review de novo a district court's ruling on a motion for summary judgment, applying the same criteria of M. R. Civ. P. 56 as did the district court. *Steichen v. Talcott Props., LLC*, 2013 MT 2, ¶ 7, 368 Mont. 169, 292 P.3d 458. Summary judgment may be granted when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Steichen*, ¶ 7; M. R. Civ. P. 56(c).

¶6     Negligence actions typically involve questions of fact and ordinarily are not susceptible to summary judgment. Questions of fact can be determined as a matter of law only when reasonable minds cannot differ. *Meloy v. Speedy Auto Glass, Inc.*, 2008 MT 122, ¶ 10, 342 Mont. 530, 182 P.3d 741. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court properly granted summary judgment. *Steichen*, ¶ 7.

Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

3